11-0316-cv
Caronia v. Philip Morris USA, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2011

(Appeal Argued:  March 1, 2012
 Questions Certified:  May 1, 2013
 Question Answered:  December 17, 2013

Appeal Decided:  April 14, 2014)

Docket No. 11-0316-cv

_____

MARCIA L. CARONIA, LINDA McAULEY, and ARLENE FELDMAN,

Plaintiffs-Appellants,

- v. -

PHILIP MORRIS USA, INC.,

Defendant-Appellee.
_____

Before:  KEARSE, LOHIER, and DRONEY, Circuit Judges.

Appeal from a judgment of the United States District Court for the Eastern District of New York, Carol Bagley Amon, Judge, dismissing the claims of plaintiffs, heavy smokers or former smokers, against cigarette manufacturer under traditional tort and breach-of-warranty theories, as well as their independent equitable claims for medical monitoring with respect to increased risk of cancer. In this Court's opinion reported at 715 F.3d 417 (2013), the dismissal of plaintiffs' traditional claims was affirmed, and questions as to the existence of an independent equitable cause of action under New

York law for medical monitoring were certified to the New York Court of Appeals. Based on that Court's response that New York does not recognize such a cause of action, see Caronia v. Philip Morris USA, Inc., 22 N.Y.3d 439, 982 N.Y.S.2d 40 (2013), we affirm the dismissal of plaintiffs' medical monitoring claims.

Affirmed.

VICTORIA E. PHILLIPS, New York, New York (Steven J. Phillips, Stanley J. Levy, Jerome H. Block, Amber R. Long, Lisa W. Davis, Levy Phillips & Konigsberg, New York, New York, on the brief), for Plaintiffs-Appellants.

SHEILA BIRNBAUM, New York, New York (John H. Beisner, Jessica D. Miller, Geoffrey M. Wyatt, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C.; Gary R. Long, John K. Sherk, III, Shook, Hardy & Bacon, Kansas City, Missouri; Tammy B. Webb, Shook, Hardy & Bacon, San Francisco, California, on the brief), for Defendant-Appellee.

PER CURIAM:

When plaintiffs, who are heavy smokers or former smokers of Marlboro cigarettes manufactured by defendant Philip Morris USA, Inc., but who lack symptoms of smoking-related disease, appealed from a judgment of the United States District Court for the Eastern District of New York dismissing their claims alleging negligence, strict products liability, and breach of implied warranty of merchantability, as well as their independent equitable claims seeking medical monitoring with respect to increased risk of cancer, we affirmed the district court's dismissal of the negligence, strict liability, and breach of warranty claims. See Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 427-34, 450 (2d Cir. 2013). But because it was unclear whether the State of New York would allow such plaintiffs to pursue an independent cause of action for medical monitoring under New York law,

2

and because of the important policy considerations to be balanced in determining whether to recognize the existence of such a cause of action, we certified to the New York Court of Appeals the following questions:

> (1) Under New York law, may a current or former longtime heavy smoker who has not been diagnosed with a smoking-related disease, and who is not under investigation by a physician for such a suspected disease, pursue an independent equitable cause of action for medical monitoring for such a disease?

> (2) If New York recognizes such an independent cause of action for medical monitoring,

> > (A) What are the elements of that cause of action?

> > (B) What is the applicable statute of limitations, and when does that cause of action accrue?

Id. at 450.

The New York Court of Appeals answered the first question in the negative; and it therefore found the second set of questions moot. See Caronia v. Philip Morris USA, Inc., 22 N.Y.3d 439, 446, 452, 982 N.Y.S.2d 40, xxx (2013).

The Court noted that "there are significant policy reasons that favor recognizing an independent medical monitoring cause of action," including the interest in early detection and treatment for persons "whose exposure has resulted in an increased risk of disease." Id. at 451, 982 N.Y.S.2d at xxx. But it concluded that those interests were outweighed by other policy considerations, including "the potential systemic effects of creating a new, full-blown, tort law cause of action," id. (internal quotation marks omitted); the technical and administrative challenges of implementing a medical monitoring program, see id. at 452, 982 N.Y.S.2d at xxx; and the potential for allowing asymptomatic persons who may never contract a smoking-related disease to recover for monitoring, "lead[ing] to the

3

inequitable diversion of money away from those who have actually sustained an injury as a result of the exposure," id. at 451, 982 N.Y.S.2d at xxx. The Court of Appeals concluded that the latter policy considerations--and the fact that the legislature is in a better position than the judiciary "to study the impact and consequences of creating such a cause of action, including the costs of implementation and the burden on the courts in adjudicating" independent claims by asymptomatic plaintiffs--"militate against a judicially-created independent cause of action for medical monitoring." Id. at 452, 982 N.Y.S.2d at xxx.

In light of the New York Court of Appeals' ruling that New York does not, in the circumstances pleaded here, recognize an independent cause of action for medical monitoring, we affirm the judgment of the district court dismissing plaintiffs' medical monitoring claims.

As all of the issues material to this appeal have now been resolved, the mandate shall issue in due course.

4